UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ARSAT INDUSTRIES S.R.L,

    Plaintiff,               Case No.:

v.

PERFORMANCE PRESS INC. d/b/a
THUMBPRINT,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff ARSAT INDUSTRIES S.R.L., a company incorporated and operating under the laws of Romania ("ARSAT" or "Plaintiff"), by and through its undersigned counsel, files this Complaint for Damages against Defendant, PERFORMANCE PRESS INC. d/b/a THUMBPRINT ("THUMBPRINT" or "Defendant", and collectively with Plaintiff the "Parties"), and states as follows:

### Parties, Jurisdiction and Venue

1. Plaintiff is a foreign corporation organized and existing under the laws of Romania under No. J2/1944/1991, with its principal office and place of business in Arad County, Romania.

2. Defendant is a Florida corporation with its principal office and place of business in Apopka, Florida.

3. The subject of this litigation is a breach of contract for sale of goods sold and delivered to Defendant.

4. Pursuant to 28 U.S.C. § 1332(a), this Court has diversity jurisdiction over this action because diversity of citizenship exists between the Parties and the amount in controversy exceeds $75,000.00.

5. Venue is proper in this District and Division under 28 U.S.C. § 1391(b) and (c) because the events giving rise to the claims and causes of action occurred in this District and Division, and Defendant is a corporation subject to personal jurisdiction in this District and Division.

## GENERAL ALLEGATIONS

6. ARSAT specializes in manufacturing the Astreea Pedal Hand Sanitizer Dispenser and complementary accessories (the "Products").

7. On or about May 16, 2020 (the "Effective Date"), ARSAT and THUMBPRINT entered into a purchase-sale agreement, which was drafted by Thumbprint and entitled 'Exclusive Distribution Agreement' (the "Agreement"), pursuant to which Thumbprint became the exclusive distributor of the Products within North America. A true and correct copy of the Agreement is attached hereto as **Exhibit "A"**.

8. Pursuant to the Agreement, THUMBPRINT agreed to purchase 150,000 Products from ARSAT, and to sell the Products it received in North

America, within the twelve (12) month period following the Effective Date (the "Sale Commitment").[1]

9. THUMBPRINT agreed to the payment of €1,500,000 (EUR)[2] as a penalty for failing to comply with the Sale Commitment (the "Sale Commitment Penalty").[3]

10. For the first sixty (60) days from the Effective Date of the Agreement, THUMBPRINT was required to pay for its orders prior to ARSAT's shipment of the Products.[4]

11. Beginning in June 2020, ARSAT no longer required advanced payment for all orders from THUMBPRINT, and more favorable payment terms were established.

12. Between May 2020 and August 2021, THUMBPRINT placed numerous purchase orders for the Products (the "Orders").

13. ARSAT fulfilled the Orders, and delivered the requested Products to THUMBPRINT.

---

[1] Exhibit "A", Section 2.1.
[2] As of September 29, 2021, the conversion rate for the EUR to U.S. Dollar was 1.17 = $1,755,000.00.
[3] Exhibit "A", Section 2.1.
[4] Exhibit "A", Section 2.3.

14. ARSAT also provided THUMBPRINT with invoices (the "Invoices") for each of the Products delivered. True and correct copies of the Invoices are attached hereto as **Composite Exhibit "B"**.

15. The Invoices issued to THUMBPRRINT total $11,101,379.06.

16. The amount of $8,014,145.00 (the "Outstanding Balance") remains due and outstanding from THUMBPRINT for the Products it purchased and received, as set forth in the accounting attached hereto as **Exhibit "C".**

17. THUMBPRINT accepted delivery of the Products, and did not reject or otherwise notify ARSAT of any disputes related to the Products or corresponding Invoices.

18. ARSAT supplied the Products requested because THUMBPRINT continuously represented it would sell the Products and pay any remaining balance.

19. Before the institution of this action, THUMBPRINT agreed that it owed the Outstanding Balance, and had represented to ARSAT that it would be paid.

20. To date, despite ARSAT's demands for payment, $8,014,145.00 (the "Outstanding Balance") remains due and outstanding from THUMBPRINT for the Products it has received.

21. On August 25, 2021, through its undersigned counsel, ARSAT provided THUMBPRINT with formal notice of its defaults under the Agreement, and final demand for THUMBPRINT's payment of the Outstanding Balance and

Sale Commitment Penalty, which attached a listing of Products, Invoices and Outstanding Balance. A true and correct copy of the August 25, 2021 demand letter, which attached hereto as **Exhibit "D"**.

22. THUMBPRINT is in material breach of the Agreement as a result of its failures to honor the Sale Commitment pay for the Products it requested and received.

23. ARSAT has been damaged as a direct result of THUMBPRINT's breaches of the Agreement.

24. All conditions precedent to the filing of this action have either occurred or have been waived.

25. ARSAT has retained the undersigned attorneys to represent it in this action and it is obligated to pay them a reasonable fee for their services.

## COUNT I – BREACH OF CONTRACT

26. Plaintiff realleges Paragraphs 1 through 25 as if fully set forth herein.

27. The Parties voluntarily and freely entered into the Agreement.

28. Plaintiff fully performed its obligations under the Agreement by shipping the Products in accordance with the Orders from Defendant.

29. Defendant breached its Agreement with Plaintiff by failing to comply with the Sale Commitment, and failing to pay the Outstanding Balance and the Sale Commitment Penalty which Defendant had agreed to pay Plaintiff.

30. Plaintiff has been damaged by Defendant's breaches of the Agreement.

31. Defendant owes Plaintiff the amount of $8,014,145.00 for the Products ordered and received from Plaintiff, plus €1,500,000 (or $1,755,000) for its breach of the Sale Commitment, plus prejudgment interest.

WHEREFORE, Plaintiff demands judgment against Defendant for damages in the amount of $9,769.145, plus prejudgment interest, and such further relief as this Court deems just and proper.

## COUNT II – ACCOUNT STATED

32. Plaintiff realleges Paragraphs 1 through 25 as if fully stated herein.

33. Defendant expressly promised to pay for the Products it requested and received.

34. Plaintiff fulfilled its obligations under the Agreement and shipped the Orders at Defendant's request.

35. Plaintiff rendered an Invoice for each of the Orders, which are attached hereto as Composite Exhibit "B".

36. Defendant did not object to any of the Invoices.

37. As such, Defendant acquiesced to pay the amounts due under the Invoices.

38. Defendant owes Plaintiff the total of $8,014,145.00 for the Products, plus pre-judgment interest.

WHEREFORE, Plaintiff demands judgment against Defendant for damages in the amount of $8,014,145.00, plus prejudgment interest, and such further relief as this Court deems necessary and proper.

### COUNT III – OPEN ACCOUNT

39. As an alternative to Count I, this is an action for Open Account.

40. Plaintiff realleges Paragraphs 1, 2, 4 – 6, 12 - 20, 24 and 25, as if fully stated herein.

41. On or about May 16, 2020, Defendant agreed to purchase 150,000 Products from ARSAT, and to sell the Products it received in North America.

42. Defendant submitted the Orders for multiple shipments of the Product and accessories, and agreed to pay Plaintiff the corresponding purchase price.

43. Plaintiff supplied the Products requested because Defendant continuously represented it would pay the Invoices.

44. Defendant made certain payments on the account, leaving a balance due for the Products of $8,014,145.00.

45. Plaintiff itemized the amount due on the account by Defendant.

46. Defendant has not disputed the amounts itemized by Plaintiff as being due for the Products.

47. Plaintiff has been damaged as a direct result of Defendant's failure to pay the amounts due Plaintiff.

48. Defendant owes Plaintiff $8,014,145.00 on the account, plus prejudgment interest at the rate provided by Florida law.

WHEREFORE, Plaintiff demands judgment against Defendant for damages in the amount of $8,014,145.00, plus prejudgment interest, and such further relief as this Court deems just and proper.

## COUNT IV – QUANTUM MERUIT

49. As an alternative to Count I, this is an action for *quantum meruit*.

50. Plaintiff realleges Paragraphs 1, 2, 4 – 6, 12 - 20, 24 and 25 as if fully stated herein.

51. Upon Defendant's request, Plaintiff manufactured and delivered the Products to Defendant.

52. The Products have a value totaling $11,101,379.06. To date, Defendant has only paid $3,087,233.86 of that total value.

53. At the time Plaintiff provided the Products to Defendant, Plaintiff believed Defendant would pay for the entire value of the Products.

54. Defendant freely and voluntarily accepted the benefits of the Products with knowledge that Plaintiff expected compensation for the entire value of the Products delivered.

55. Attached hereto as Composite Exhibit "B" are true and correct copies of all the Invoices provided to Defendant detailing the amounts owed.

8

56. Defendant has been unjustly enriched by the delivery of the Products by Plaintiff, and it would be inequitable for Defendant to retain the benefit without paying fair value for the Products it has received.

57. Plaintiff is entitled to payment from Defendant, in *quantum meruit*, in an amount no less than $8,014,145.00.

WHEREFORE, Plaintiff demands judgment against Defendant for damages in the amount of $8,014,145.00, plus prejudgment interest, and such further relief as this Court deems just and proper.

DATED this 14th day of October, 2021.

**Winderweedle, Haines, Ward & Woodman, P.A.**

*/s/ Richard B. Weinman*
Richard B. Weinman, Esquire
FL Bar No.: 0231370
Email: rweinman@whww.com
Aizaz M. Chaudhary
FL Bar No.: 1027867
Email: achaudhary@whww.com
Post Office Box 880
Winter Park, Florida 32790-0880
Phone: (407) 423-4246
Fax: (407) 645-3728
*Attorneys for Plaintiff, Arsat Industries S.R.L.*